## McCARTHY v. McCABE.

(Supreme Court, Appellate Division, Third Department. March 10, 1909.)

1. MASTER AND SERVANT (§ 301*)—INJURY TO THIRD PERSONS—LIABILITY OF MASTER.

To establish the liability of one person for an injury caused by the tort of another, it must be shown that the relation of master and servant existed between the wrongdoer and the person sought to be charged for the wrong at the time, and as to the transaction out of which the injury arose.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

2. MASTER AND SERVANT (§ 301*)—INJURY TO THIRD PERSONS—LIABILITY OF MASTER—EXISTENCE OF RELATION.

Defendant loaned his team and servants to a constable for a day, and told the servants that the constable would tell them what to do. The constable levied on the goods of plaintiff, and all the acts of the servants were done while assisting the constable in taking possession of the property under the levy, and they acted under the constable's direction and for his benefit. *Held*, that the servants, while assisting the constable, were not the servants of defendant, and he was not liable for their acts in assisting the constable in levying on exempt property.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

3. SHERIFFS AND CONSTABLES (§ 98*)—ACTS OF OFFICER UNDER REGULAR PROCESS—LIABILITY.

Process regular on its face, issued by a court having jurisdiction, not only protects a ministerial officer for acts done under it, but those whom he calls to his assistance in the execution thereof.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 143–157; Dec. Dig. § 98.*]

4. EXEMPTIONS (§ 148*)—PROPERTY EXEMPT—EVIDENCE.

Where a judgment debtor, suing for a levy on property claimed by him to be exempt, testified that at the time of the levy he had in his possession about 125 bushels of potatoes, and that it took about 75 bushels for a year for himself and family, and the evidence of defendant showed that 27 sacks, each holding between 1½ and 2 bushels, and 40 or 50 bushels loose in the pit, were left in the possession of the judgment debtor after the levy, the jury might find that plaintiff had an amount of potatoes left necessary until the next annual period, and that the potatoes levied on were not exempt within Code Civ. Proc. § 1390, providing that all necessary vegetables actually provided for family use shall be exempt; the word "necessary" qualifying the extent of the exemption.

[Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 148.*]

Appeal from Franklin County Court.

Action by George McCarthy against Dennis McCabe. From a judgment of the County Court affirming a judgment of a Justice's Court in favor of defendant, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John P. Kellas, for appellant.
F. H. Bryant, for respondent.

SEWELL, J. The action was brought to recover damages for the alleged conversion of a quantity of potatoes taken by George Wilson, a constable, under and by virtue of an execution issued against the property of the plaintiff. The evidence disclosed that the plaintiff was a householder, having a family for which he provided; that on the 22d of November, 1907, he was the owner of about 125 bushels of potatoes which he had provided for family use; and that on that day the constable levied upon the potatoes and drew away about one-half of them with teams and drivers hired from the defendant. It was not shown that the defendant interfered with the property or did any acts in respect thereto, except to transfer or loan his teams and drivers to the constable for the day in question. He testified that he did not tell the driver to get any of the plaintiff's potatoes; that he

told them that George Wilson would tell them what to do, and gave them no other instructions. It also appeared that all the acts of the drivers were done while assisting the constable in taking possession of the property under his levy, and that they acted under his direction and for his benefit and convenience.

The plaintiff claimed that the potatoes were exempt under section 1390 of the Code of Civil Procedure, and sought to charge the defendant, as a trespasser, upon the theory that he was responsible for the acts of the drivers in taking and removing the property whether they were working for him or the constable. I think there was suf-ficient evidence to warrant the jury in finding that the defendant did not sustain the relation of master to the drivers, so as to make him liable for their acts in assisting the constable. It has long been the settled law in this country, as well as in England, that a party is not responsible for the wrongful acts of another merely because the latter was at the time in his general employment; that, in order to establish the liability of one person for an injury caused by the negligent or tortious act of another, it must be shown that the relation of master and servant existed between the wrongdoer and the person sought to be charged for the result of the wrong at the time and in respect to the very transaction out of which the injury arose. Milligan v. Hedge, 12 Adol. & Ellis, 737; Quarman v. Burnett, 6 M. & W. 497; Wyllie v. Palmer, 137 N. Y. 248, 33 N. E. 381, 19 L. R. A. 285; Higgins v. W. U. Tel. Co., 156 N. Y. 75, 50 N. E. 500, 66 Am. St. Rep. 537. The decisions are uniform in the assertion that the test is: Who conducted and supervised the particular work the doing of which caused the injury or damage? In Higgins Case Judge O'Brien said:

"The fact that the party to whose wrongful or negligent act an injury may be traced was at the time in the general employment and pay of another person does not necessarily make the latter the master and responsible for his acts. The master is the person in whose business he is engaged at the time, and who has the right to control and direct his conduct. Servants who are em-ployed and paid by one person may, nevertheless, be ad hoc the servants of another in a particular transaction, and that, too, when their general employer is interested in the work."

And he cited among other cases Rourke v. White Moss Colliery Co., L. R., 2 Com. Pleas Div. 205, when Lord Cockburn stated the rule in these words:

"But, when one person lends his servant to another for a particular employ-ment, the servant, for anything done in that particular employment, must be dealt with as the servant of the man to whom he is lent, although he remains the general servant of the person who lent him."

It seems to me clear that the evidence in this case justified a finding that the drivers of the teams were not the servants of the defendant on this special occasion in any sense that would render him liable to the plaintiff for their acts. This fact, however, was not absolutely essential to the defense. The verdict and judgment can be sus-tained on the ground that there was not sufficient evidence to prove an exemption, for it is a familiar principle that process regular on its face issued by a court having jurisdiction, not only protects a minis-terial officer for acts done under it, but those whom he calls to his

assistance in the execution thereof. Section 1390 of the Code provides that "all necessary meat, fish, flour, groceries and vegetables actually provided for family use" are exempt from levy and sale. The word "necessary," as used in this provision, qualifies the extent of the exemption. It is not all the meat, groceries, and vegetables provided for family use, but so much as a prudent man would ordinarily keep on hand for family use. The plaintiff testified that at the time of the levy he had in his possession between 100 and 125 bushels in the pit and 2 or 3 bags of other potatoes, and that it took "about 75 bushels of potatoes for one year for himself and family." The evidence on the part of the defendant tended to show that 27 sacks, each holding between 1½ and 2 bushels, and 40 or 50 bushels loose in the pit, were left in the possession of the plaintiff. It seems to me plain that under this evidence the jury had the right to find, as they presumptively did, that the plaintiff had 75 bushels of potatoes left, or such an amount as would be necessary until the next annual period for storing such vegetables.

I am of opinion that their verdict upon this question of fact is controlling, and that the judgment of the county court should be affirmed, with costs. All concur.